## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LOREYA FLUKER,

        Plaintiff,

                                Case No. 24-cv-12993

v.                              Honorable Brandy R. McMillion

STATE OF MICHIGAN, ET AL.,

        Defendants.

_____ /

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Loreya Fluker ("Fluker") brings this *pro se* civil rights complaint against the State of Michigan, the City of Detroit, and Detroit Receiving Hospital ("Receiving Hospital") (collectively, "Defendants"). *See generally* ECF No. 1. She has filed an application to proceed without the prepayment of fees (*in forma pauperis*). ECF No. 2. For the reasons below, this case is **SUMMARILY DISMISSED** and Fluker's request to proceed *in forma pauperis* is **DENIED AS MOOT**.

## I.

Fluker brings this case alleging that her constitutional rights were violated when she was unlawfully stopped, assaulted, and detained resulting in fabricated charges and an unfair trial. *See* ECF No. 1, PageID.3. In October 2023, Fluker was

1

the subject of a traffic stop by officers of the Detroit Police Department. *Id*. at PageID.8. As a result of the stop, she was detained, assaulted, and ultimately arrested. *Id*. After her arrest, she was transported to Receiving Hospital to be cleared of injury before being placed in custody. *Id*. Fluker alleges that Receiving Hospital failed to treat her injuries sustained during the assault and failed to properly identify and diagnose that she was pregnant. *Id*. Despite these medical concerns, Fluker was released to the Mound Detention Center, where she alleges, she was held without probable cause. *Id*.

While at the Mound Detention Center, Fluker states that certain officers acknowledged that there were procedural errors in her detention. *Id*. Fluker was accused of assaulting two police officers – claims she denies. *Id*. She also states that despite these initial charges being dismissed in the district court, she was tried and convicted on charges of resisting police officers in the circuit court. *Id*. at PageID.8-9.

Fluker asserts that during trial, officers testified that they created false police reports that served as the foundation of Fluker's charges. *Id*. at PageID.9. Despite these admissions, the judge allowed the trial to continue, ignoring the evidence of misconduct and prejudicing the case against Fluker. *Id*. Fluker also asserts that exculpatory evidence was withheld, and together with all the other allegations of misconduct contributed to her wrongful conviction. *Id*.

On November 12, 2024, Fluker filed this *pro se* civil rights action.  ECF No. 1.  She alleges that her Fourth and Fourteenth Amendment rights were violated by Defendants.  She brings this suit against all Defendants in their official capacity.  *Id*. at PageID.2-3.  Additionally, Fluker brings a claim against Receiving Hospital for Medical Negligence.  *Id*. at PageID.9.  Fluker seeks compensatory and punitive damages in the amount of $4,000,000, costs and attorneys' fees.  *Id*.

## II.

Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss *in forma pauperis* complaints if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory.  *See Neitzke*, 490 U.S. at 327.

Courts liberally construe *pro se* civil rights complaints.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal.  "The mandated liberal construction…means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may

3

not rewrite a complaint to include claims that were never presented." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). "Nor may the Court "conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To state a federal civil rights claim, the plaintiff must allege that she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros.,*

4

*Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978).  However, a complaint can be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law."  *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013).

### III.

With the exception of the Medical Negligence claim, Fluker's civil rights claims are alleged against all Defendants generally.  However, in order to state a claim for which relief can be granted, Fluker is required to state with specificity the conduct of each defendant.  Without any facts specifically identifying the conduct of each Defendant, the Court cannot reasonably infer that they are responsible for any alleged misconduct, and therefore they should be dismissed.  *Iqbal*, 556 U.S. at 678.  Consequently, the Court is summarily dismissing all claims against all Defendants but will also address additional grounds for dismissal for each Defendant in turn.

#### *State of Michigan*

The Eleventh Amendment protects states and their departments from private civil suits in federal court unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  U.S. Const. amend. XI; *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *Morgan v. Bd. Of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023).  The State of Michigan has not consented to civil rights suits in federal court, *Johnson v. Dellatifa*,

357 F.3d 539, 545 (6th Cir. 2004), and Congress has not abrogated Eleventh Amendment immunity in suits under § 1983, *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, because the State of Michigan is protected by Eleventh Amendment immunity, any claims against it are dismissed.

*The City of Detroit*

Fluker additionally names the City of Detroit in this action. Under § 1983, a municipality can be held liable only if the plaintiff demonstrates that the injury suffered was a direct result of the municipality's official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).[1] "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id*. (emphasis omitted); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Municipal liability is limited to action for which the municipality is "actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (Brennan, J. concurring) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)). To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [the] particular injury was

---

[1] In the "Supporting Case Law and Statutes" section of the Complaint, Fluker references *Monell* as a basis for "[m]unicipal liability under 42 U.S.C. § 1983 for constitutional violations." *See* ECF No. 1 at PageID.11. The Court reads this as her attempt to assert a *Monell* claim against the City of Detroit, as the only municipal defendant.

6

incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *see also S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 563 (6th Cir. 2007) (stating that the entity "must be the moving force behind the deprivation, such that the entity's policy of custom played a part in the violation of federal law") (cleaned up).

Fluker fails to identify any city policy or custom that can be attributed to her alleged injury. There are also no factual allegations of the City's "actual responsibility" for the alleged violations of her constitutional rights. Without more than mere conclusory statements, the Complaint does nothing more than merely parrot the legal standard for municipal liability and that is insufficient to state a claim for relief. *See Iqbal,* 556 U.S. at 680. Because the Complaint provides no basis to support any claim against the City, even under a *Monell* theory of liability, the claims against the City of Detroit must be dismissed.

## *Receiving Hospital*

Lastly, Fluker identifies Receiving Hospital specifically in the allegations of the Complaint and asserts a Medical Negligence Claim (Count II) against the hospital. ECF No. 1 at PageID.8-9. District courts have discretion to decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Given the dismissal of the other defendants, the Court declines to

exercise supplemental jurisdiction over Fluker's state law medical negligence claim. Therefore, Receiving Hospital is also dismissed from this action.

**IV.**

Accordingly, because Fluker fails to state a claim upon which relief can be granted against the State of Michigan and the City of Detroit, and the Court declines to exercise supplemental jurisdiction over the state law claim against Receiving Hospital, this case is **SUMMARILY DISMISSED** in its entirety. Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **DENIED AS MOOT**.

**This is a final order that closes the case.**

**IT IS SO ORDERED.**

Dated: November 18, 2024                    s/Brandy R. McMillion
                                            Hon. Brandy R. McMillion
                                            United States District Judge